UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JANET ANDERSON, | ) | |
| NETTIE LILLY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.:  1:14-CV-104(WLS) |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER COUNTY SCHOOL DISTRICT, | ) | |
| DR. TORRANCE CHOATES in his | ) | |
| official and individual capacities, and | ) | |
| SHARON HEARD, in her official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## VERFIED COMPLAINT
## FOR INJUNCTIVE RELIEF AND DAMAGES

COME NOW Plaintiffs Janet Anderson and Nettie Lilly and bring this

lawsuit under 42 U.S.C. § 1983 and the First and Fourteenth Amendment of the

United States Constitution for injunctive relief and damages arising from

Defendants' refusal to allow Plaintiffs to speak during the public comment portion

of regular meetings of the Baker County Board of Education ("the Board") based

on the content or viewpoint of speech. In support thereof, Plaintiffs offer the

following:

1

## Parties

1.      Plaintiff Nettie Lilly is a resident of Baker County, Georgia and resides within the Baker County School District. She is over the age of eighteen.

2.      Plaintiff Janet Anderson is a resident of Baker County, Georgia and resides within the Baker County School District. She is over the age of eighteen.

3.      Defendant Baker County School District is a school district that exists under OCGA § 20-2-49. The Baker County School District is managed by the Baker County Board of Education. Five elected officials serve as members of the Board. The current members of the Board are Sharon Heard, Brenda King, Major Skinner, Bonnie Hudson, and Chasity Moye.

4.      Defendant Sharon Heard serves as chairperson and presides over Board meetings. She is sued individually for damages and in her official capacity for equitable relief.

5.      Defendant Dr. Torrance Choates is the superintendent of the Baker County School District in Baker County, Georgia. As superintendent,

Dr. Choates serves as the ex-officio secretary and treasurer of the Board. Dr. Choates also serves as the principal of the Baker County K12 School. He is sued individually for damages and in his official capacity for equitable relief.

## Jurisdiction and Venue

6.      This case presents a federal question under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction of the parties under Fed.R.Civ.P. 4(k)(1)(a) and GA. CONST., art. 6, § 4, ¶ I.

8.      Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this district and Defendants reside within this district.

## Statement of Facts

### *Background*

9.      The Board holds its regular monthly meeting on the final Monday of each month. Before each meeting, the Board publishes a meeting agenda. Every agenda includes a portion of the meeting devoted to

3

receiving public comments.

10.    **Exhibit A** is an accurate copy of the Board's current policy ("the policy") governing how the Board receives comments from the public. The policy was effective at all times relevant to this lawsuit.

11.    Under the policy, any citizen who wishes to make a public comment must submit an application form to Dr. Choates at least five working days prior to the meeting. There is no provision for permitting speech concerning matters that have arisen so recently that timely application is impossible.

12.    If the application is submitted on time, and the citizen is approved to speak, the citizen is permitted five minutes to address the Board. However, if it is determined that content of the speech concerns a single issue will be addressed by several speakers, each speaker's time is limited to three minutes.

13.    The Board's policy also states that if the content of a citizen's comments relate to "personnel, members of the Board, and other items the law deems inappropriate for discussion" that the Board will receive the citizen's comment only in writing, and that the comment

4

may be considered by the Board during an executive session.

14.     The Board's policy also states that other subject matters specifically dealing with "an individual school should be discussed first with the principal of the school and/or the superintendent."

15.     There is only one school in the Baker County School District, and Dr. Choates serves as both the principal of that school and superintendent of the district, and the policy may therefore be used to prohibit all citizen comments about school operation.

*The Board Votes to Prohibit Ms. Lilly From Making a Public Comment*

16.     On April 25, 2013, the Board held a regularly scheduled meeting. That meeting's agenda included a public comment period.

17.     Prior to that Board Meeting, on April 17, 2013, Ms. Lilly submitted a form to make a public comment. Ms. Lilly complied with all Board polices and prerequisites necessary for a member of the public to be heard during the public comment period.

18.     Ms. Lilly planned to speak on subject matter related to criticism regarding community concerns over failed School District strategies to increase children's test scores.

5

19.     During the Board meeting, just prior to the conclusion of the meeting, a Board member informed Ms. Heard that Ms. Lilly had submitted a timely request to make a public comment.

20.     Ms. Heard claimed that Ms. Lilly would not be permitted to speak because the agenda had been published on April 19, and stated that the Board had not received Ms. Lilly's request to speak prior to the agenda being published. However, Ms. Lilly's paperwork was in fact timely received by the Board on April 17.

21.     Ms. Lilly correctly informed Ms. Heard that "my paperwork was in on time, and if you are going to change the rules about the requirements to appear on the agenda, you didn't inform the public."

22.     Another Board member then moved to permit Ms. Lilly to make a public comment. The motion was seconded, and the Board voted 3-2 to prohibit Ms. Lilly from speaking because of the content or viewpoint of her speech. Ms. Heard voted against permitting Ms. Lilly to make a public comment.

*Dr. Choates Prohibits Ms. Anderson From Making a Public Comment*

23.     In March 2013, Ms. Anderson submitted a public comment request

6

form to the Superintendent's office by personally delivering it over five days before the next scheduled Board meeting.

24.     Later on the same day, Dr. Choates phoned Ms. Anderson. Dr. Choates asked Ms. Anderson what subject matters she planned to discuss during her public comment.

25.     Ms. Anderson replied that she planned to speak about issues related to an upcoming ESPLOST referendum relating to whether to adopt a penny sales tax and use the proceeds for various improvements to the school.

26.     Dr. Choates replied that he would like to hear the exact content of what Ms. Anderson planned to say. Dr. Choates stated that he did not want Ms. Anderson to "make him look bad, the Board look bad, or [herself] look bad." Dr. Choates again stated that before Ms. Anderson would be allowed to speak, he "must know exactly what she planned to say at the meeting," and pre-approved her speech and its content and viewpoint.

27.     The conversation ended with Dr. Choates stating that he would place Ms. Anderson on the meeting's agenda, and that he trusted that she

7

would not express any negative viewpoint about the Board, Dr. Choates, or the school.

28.     Twenty to thirty minutes after the conversation ended, Dr. Choates again phoned Ms. Anderson. Dr. Choates stated that he changed his mind and that Ms. Anderson would not be permitted to speak at the upcoming Board meeting.  This decision was made solely based on the content or viewpoint of her speech.

29.     At the next scheduled Board meeting on March 24, 2014, Ms. Anderson's name did not appear on the meeting's agenda and the Board did not invite her to make any public comments at the meeting.

*Plaintiffs' Association with the Baker County Community Council*

30.     The Baker County Community Council is an unincorporated private group of citizens devoted to advocating for equal rights for citizens of Baker County. Nearly all of its members are African-American.

31.     Both Ms. Anderson and Ms. Lilly are members of the Baker County Community Council.

32.     Ms. Lilly and Ms. Anderson were two of the nine individuals who previously circulated petitions to recall Board Members Sharon

8

Heard, Brenda King, and Chasity Moye from their positions.
Although they collected sufficient signatures, the applications were
eventually deemed to be legally insufficient. The remaining
individuals who circulated the petitions were also members of the
Baker County Community Council.

33.     Ms. Lilly and Ms. Anderson are plaintiffs in a lawsuit challenging
whether Board Member Sharon Heard meets the residency
requirements necessary to hold her position on the Board. That case is
currently pending before the Supreme Court of Georgia.

34.     Plaintiffs' political activities, beliefs, and association with the Baker
County Community Council are the viewpoint-specific reasons
motivating Defendants' effort to prohibit Plaintiffs from making
public comments at Board meetings.

### Count I
*for Declaratory Judgment and Injunctive Relief*
*Violation of the First and Fourteenth Amendments*

35.     This Count is brought by both Plaintiffs against Defendants due to the
Board's prior restraint and refusal to permit each Plaintiff an
opportunity to make a public comment after submitting a timely

9

public comment application based on the content or viewpoint of their speech.

36.   The Board based its decision on the anticipated and known content or viewpoint of Plaintiffs' speech and Plaintiffs' previously stated political beliefs.

37.   The Board's policy requires that a public comment application be submitted, in writing, five working days before the Board meeting on a form provided by the superintendent's office.

38.   If a citizen does not submit a timely application, the Board will not allow the citizen to speak. The only exception to this rule is for representatives of the State Department of Education, County Commissioners, and other state and county officials. Private citizens are absolutely prohibited from speaking unless they submit an application five days in advance.

39.   The Board's policy states that any statement related to an individual school should be discussed and pre-approved with the superintendent before the citizen is allowed to make a public comment. This is an impermissible prior restraint that is also explicitly content based.

10

40.     The Board's limitation on the scope of comments restricts a citizen's ability to publicly address any matter that could be subject to Georgia's Open Meetings Act.

41.     The Board's requirement that citizens submit a request to speak five working days in advance of a Board meeting imposes an unjustified and unconstitutional procedural barrier to citizens making comments, and does not contain an exception allowing citizens to address an event that occurred fewer than five days before the date of the meeting.

42.     If the Board's policy vests unbridled discretion with superintendent with the authority to interview and decide whether individual citizens will be permitted to speak at Board meetings, it is facially unconstitutional because the superintendent has unbridled discretion to decide whether to permit or deny individuals from making public comments based on the content of their speech, and the policy does not provide any mechanism to appeal his decision.

**<u>Count II</u>**
*for Damages*
*Violation of the First and Fourteenth Amendments*

11

43.     This count is brought by Ms. Anderson against Defendant Dr. Terrance Choates individually for denying her the opportunity to make a public comment after she submitted a timely application.

44.     Dr. Choates referenced Ms. Anderson's association with the Baker County Community Council when he informed Ms. Anderson that she would not be permitted to speak at the upcoming meeting.

45.     After refusing to allow Ms. Anderson to speak at the Board meeting, Dr. Choates has permitted other individuals to speak on the same subject that Ms. Anderson requested permission to address, but with different viewpoints. None of those individuals are members, of or associated with, the Baker County Community Council.

46.     Ms. Anderson's proposed comments did not constitute an "undue personal attack" on a school employee.

47.     Dr. Choates' decision was based on the content and viewpoint of Ms. Anderson's speech and her association with the Baker County Community Council.

**Count III**
*for Damages*
*Violation of the First and Fourteenth Amendments*

12

48.     This count is brought by Ms. Lilly against Defendant Sharon Heard individually for denying her the opportunity to make a public comment after she submitted a timely application.

49.     As Chairperson of the Board, Ms. Heard is responsible for enforcing limitations on the public comment period.

50.     Ms. Heard had knowledge that Ms. Lilly submitted a timely request to speak and that request complied with all prerequisites.

51.     Ms. Heard has previously made disparaging comments about members of the Baker County Community Council and is the subject of a lawsuit challenging her qualifications as a candidate for the Board filed by Ms. Lilly.

52.     Ms. Heard's decision was based on the content and viewpoint of Ms. Lilly's speech and her association with the Baker County Community Council.

53.     Ms. Heard has permitted other individuals to make public comments at subsequent Board meetings even when those individuals have not submitted a timely request to speak. Those individuals have expressed a different viewpoint from Ms. Lilly and are not associated with the

Baker County Community Council.

## **Request for Relief**

WHEREFORE, Plaintiffs request this Court:

a.      Hold a trial by jury on all issues so triable;

b.      Declare that Defendants' denial of Plaintiffs' ability to make public

comments during Board meetings violates both the First and

Fourteenth Amendments of the United States Constitution;

c.      Enjoin enforcement of the policy attached hereto, or enjoin

Defendants from engaging in standardless prior restraint or

pre-approval of speech based upon its content or viewpoint

d.      Enjoin Dr. Choates from refusing to permit individuals'  public

comments for unconstitutional content or viewpoint reasons;

e.      Enjoin Chairwoman Heard from refusing to permit individuals' public

comments at Board meetings when those individuals have submitted a

timely application to make a public comment or for unconstitutional

content or viewpoint reasons;

f.      Award nominal, actual, punitive damages against the individual

defendants;

14

g.      Award nominal and actual damages against the Baker County School

         District;

h.      Award reasonable attorneys' fees and expenses under 42 U.S.C. §

         1988 and as otherwise permitted by law;

i.       Grant further relief as this Court deems just and proper.

Respectfully submitted, this the 23rd day of June, 2014,


                                                /s/Gerald Weber
                                                Gerald Weber
                                                Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
P.O. Box 5391
Atlanta, GA 31107
Phone: (404) 522-0507
wgerryweber@gmail.com


                                                /s/Jeffrey R. Filipovits
                                                Jeffrey R. Filipovits
                                                Georgia Bar No. 825553

Filipovits Law Firm, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341
Phone: 770-455-1350
Fax: 770-455-1449
jrfilipovits@gmail.com