UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JANET ANDERSON, | ) | |
| NETTIE LILLY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 1:14-CV-104(WLS) |
| | ) | |
| BAKER COUNTY SCHOOL DISTRICT, | ) | |
| DR. TORRANCE CHOATES in his | ) | |
| official and individual capacities, and | ) | |
| SHARON HEARD, in her official | ) | |
| And individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT BAKER COUNTY SCHOOL DISTRICT

COMES NOW Defendant Baker County School District, alleges as follows, admitting only so much as specifically admitted herein and including headings for convenience and clarity only:

### Parties

1. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

2. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

3. Admitted.

4. Admitted that Sharon Heard is chairperson and presides over board meetings. Defendant denies the remaining allegations of Paragraph 4.

5. Admitted that Dr. Torrance Choates is the superintendent of the Baker County School District in Baker County Georgia; that he serves as ex-officio secretary and treasurer of the Board and is the principal of the Baker County K-12 school. Defendant denies the remaining allegations of Paragraph 5.

## Jurisdiction and Venue

6. Admitted that such statutes are purported to be plead, but denied as to any valid applicability hereto.

7. Admitted.

8. Admitted that venue in the Middle District of Georgia is proper. Defendant denies the remaining allegations of Paragraph 8.

## Statement of Facts

9. Denied as stated.

10. Admitted that Exhibit A is attached and purports to be an accurate copy of the Board's current policy.

11. Denied as stated.

12. Admitted.

13. Denied as stated.

14. Admitted.

15. Denied as stated.

16. Admitted.

17. Denied as stated.

18. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

19. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

20. Denied as stated.

21. Denied as stated.

22. Denied as stated.

23. Denied as stated.

24. Admitted.

25. Denied as stated.

26. Denied as stated.

27. Denied as stated.

28. Denied as stated.

29. Denied as stated.

30. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

33. Admitted as to the action, however, the Supreme Court of Georgia has ruled on all matters as of the date of this Answer.

34. Denied as stated.

## Count I

35. Denied as stated.

36. Denied as stated.

37. Admitted.

38. Denied as stated.

39. Denied as stated.

40. Denied as stated.

41. Denied as stated.

42. Denied as stated.

## Count II

43. Denied as stated.

44. Denied as stated.

45. Denied as stated.

46. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation.

47. Denied.

## Count III

48. Denied as stated.

49. Denied as stated.

50. Denied as stated.

51. Denied as stated.

52. Denied as stated.

53. Denied as stated.

## Requests for Relief

54. Defendant denies that Plaintiff is entitled to any relief of any kind.

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES the Defendant and asserts as and for its Affirmative Defenses, and incorporating their allegations, *supra*, further as follows:

55. The Plaintiffs are entitled to no relief whatsoever, and whether set for in its "Request for Relief" or otherwise.

55. The Complaint fails to state a claim upon which relief may be granted.

57. Plaintiffs have not met the requirements for injunctive relief.

58. Plaintiffs lack standing to bring this action, and particularly for any relief thereunder.

59. Defendants are granted immunity from this action by the 11th Amendment of the Constitution of the United States, the laws of the United States and the laws of the State of Georgia.

60. The Defendant abridged no privilege or immunity or any freedom of expression of any Plaintiff.

61. Each of the purported claims set forth in this Complaint is barred by the doctrine of waiver, acquiescence, and estoppel.

62. Defendant reserves the right to assert any other defenses that may be available to it and/or that are subsequently discovered.

## PRAYER FOR RELIEF

WHEREFORE, the answering Defendant requests entry of judgment in its favor, and pray that the Court:

A. Dismiss Plaintiffs' Complaint and each and every purported claim with prejudice;

B. Find that the Defendant has not violated the United States Constitution;

C. Award the Defendant its costs of suit, including reasonable attorney's fees, under the several Georgia statutes and the equitable powers of this Court; and

D. Grant such other and additional relief as the Court deems just and proper.

Dated: July 17, 2014                                  Respectfully submitted


    /s/ J. Hamilton Garner
J. Hamilton Garner
Georgia Bar #285660
P.O. Box 758
Moultrie, Georgia 31776
Phone: 229-985-1590
Email: jhgarner@moultriega.net
Attorney for the Defendant

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the Middle District of Georgia, with notice and a copy of same being electronically served by the Court upon all counsel of record.

    /s/ J. Hamilton Garner